ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 0 7 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| CHRISTOPHER WINGROVE, individually and on behalf of all other similarly situated individuals, | Court File No.: |
| Plaintiff, | |
| v. | 1:10-CV-3227 |
| D.A. TECHNOLOGIES, INC., | |
| Defendant. | |

**COLLECTIVE ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

For his Complaint against Defendant D.A. Technologies, Inc. ("Defendant"), Plaintiff Christopher Wingrove ("Plaintiff") states and alleges upon information and belief, and on behalf of himself and all other similarly situated individuals, as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2.  Venue is proper under 28 U.S.C. § 1391, because Defendant resides in this district and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

3.  Plaintiff Christopher Wingrove is an adult resident of Athens, Georgia. Plaintiff Wingrove worked as an installation technician for Defendant out of its Augusta, Athens, and Covington, Georgia locations during the relevant statutory period. Defendant classified Plaintiff Wingrove as a 1099 "independent contractor" and as a W-2 employee for separate portions of his employment with the company. Defendant paid Plaintiff on a piece-rate basis throughout his entire employment with the company. Despite being classified as a 1099 independent contractor for a portion of his employment, at all times relevant herein, Plaintiff Wingrove was Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 203(e).

4.  Defendant D.A. Technologies, Inc. is, upon information and belief, a domestic corporation with its principal place of business in Duluth, Georgia. At all times relevant herein, Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

5.  Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the

similarly situated individuals work or worked for Defendant as installation technicians, and in other similar positions, at any time from three years prior to the filing of this Complaint to the entry of judgment in this action. During the relevant statutory period, Plaintiff and the similarly situated individuals regularly worked over forty hours per week without proper compensation for overtime hours worked.

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant is in the business of installing digital cable, video, voice, and data devices, and operates offices in Georgia and Tennessee. Defendant contracts with digital network operators such as Comcast and Charter. During the relevant statutory period, Plaintiff and the similarly situated individuals worked for Defendant as installation technicians, lead installation technicians, and in other similar positions.

7. Although Plaintiff Wingrove, and other similarly situated individuals, were classified by Defendant as W-2 employees and paid on a piece-rate basis, Defendant knowingly and willfully denied them proper overtime pay.

8. Although Plaintiff Wingrove and other similarly situated individuals were classified by Defendant as "independent contractors," they were, in fact, Defendant's employees under the FLSA and other relevant laws and regulations. As a result of this knowing and willful misclassification, Defendant denied

Plaintiff Wingrove and other similarly situated individuals their proper overtime pay.

9. Plaintiff and the similarly situated individuals provided services essential to the fundamental business purpose of Defendant, that is, the installation of digital cable, high speed internet, and telephony devices. These services, however, required no special skill. No prior experience was required for Plaintiff and those similarly situated to work for Defendant. Instead, Defendant provided on the job training to show the installation technicians how to perform their job duties.

10. Plaintiff's and the similarly situated individuals' primary job duty was the installation of cable, high speed internet, and telephony devices.

11. Plaintiff and the similarly situated individuals had no control over the manner and method by which they were paid.

12. The manner and method of payment was determined solely by Defendant, who paid them on a fixed "piece-rate" basis.

13. As piece-rate paid installation technicians, Plaintiff and the similarly situated individuals recevied a determinable amount of money for each type of job that he or she performed each day.

14. For e xample, Plaintiff earned a piece-rate of $28.50 fo r installing "Wireless Home Internet Devices."

15. Although they regularly worked more than forty hours per week, Plaintiff and the similarly situated individuals did not receive proper overtime pay from Defendant.

16. In addition, Defendant regularly and unilaterally made substantial deductions from Plaintiff's and the similarly situated individuals' paychecks related to their work performance.

17. Defendant retained the right to discharge Plaintiff and the similarly situated individuals without cause.

18. Plaintiff and the similarly situated individuals worked solely for Defendant on a full-time and continuing basis. Plaintiff and the similarly situated individuals did not sell or advertise their services to the general public, or work as installation technicians or lead technicians for anyone other than Defendant.

19. Plaintiff and the similarly situated individuals were subject to the direction and control of Defendant with regard to the manner and means of their job performance. For example:

   a. Defendant required Plaintiff to mark his vehicle with identifying signage;

   b. Defendant required Plaintiff to wear a uniform;

   c. Defendant required Plaintiff to participate in on-the-job training;

d. Defendant required Plaintiff to attend daily meetings; if Plaintiff was late to a meeting or were unable attend, he was charged a fee.

e. Defendant controlled the number and types of jobs that Plaintiff performed each day;

f. Defendant required Plaintiff to follow specific procedures with regard to how installations were to be completed;

g. Defendant controlled the time periods during which Plaintiff could perform their jobs each day;

h. Defendant required Plaintiff to begin work by a certain time each day;

i. Defendant required Plaintiff to work on Saturdays;

j. Defendant required Plaintiff to request time off from work;

k. Defendant inspected Plaintiff's work to ensure that installations were done correctly and according to company standards; and

l. Defendant made substantial deductions from Plaintiff's paychecks for, among other things, work allegedly performed incorrectly, or for missed appointments.

20. Defendant maintained records concerning the employment of Plaintiff and the similarly situated individuals. Upon information and belief, this included,

for example, records of compensation, time on the job, pay deductions, work orders, and materials used.

21. Defendant misclassified Plaintiff Wingrove, and other similarly situated individuals as 1099 independent contractors, and as a result, suffered and permitted them to work more than forty hours per week without paying them proper overtime compensation for all hours worked beyond forty per week. The conduct of Defendant has been widespread, repeated, and consistent.

22. With respect to Plaintiff Wingrove, and others similarly situated who were classified by Defendant as W-2 employees, Defendant suffered and permitted them to work more than forty hours per week without paying them proper overtime compensation for all hours worked beyond forty per week. The conduct of Defendant has been widespread, repeated, and consistent.

23. Defendant knew that Plaintiff and the similarly situated individuals performed work that required overtime pay. Plaintiff and/or the similarly situated individuals complained to Defendant about their failure to pay proper overtime compensation. Defendant has operated under a scheme to deprive these workers of overtime compensation by failing to compensate them for all hours worked.

24. The conduct of Defendant as set forth herein was willful and in bad faith, and has caused significant damages to Plaintiff and the similarly situated individuals.

25. Defendant is liable under the FLSA for failing to pay Plaintiff and the similarly situated technicians their proper overtime compensation regardless of whether they were misclassified as "independent contractors" or properly labeled as W2 employees.

26. There are numerous individuals who have been denied overtime pay by Defendant in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join. These similarly situated individuals are known to Defendant, and are readily identifiable through its records.

## COUNT I
## FAIR LABOR STANDARDS ACT
### (Overtime Violations)

27. Plaintiff realleges and incorporates the above paragraphs by reference as if fully set forth herein.

28. Plaintiff consents in writing to be part of this action pursuant to the FLSA, 29 U.S.C. § 216(b). (See consent form attached as Exhibit A.) As the case proceeds, it is likely that other individuals will sign consent forms and join this case.

29. At all times relevant herein, Defendant has been, and continues to be, "employers," and Plaintiff and the similarly situated individuals have been, or continue to be, "employees" within the meaning of 29 U.S.C. §§ 203(d) and (e).

30. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, Plaintiff and the similarly situated individuals are entitled to overtime compensation at one and one-half times their regular rate of pay for work performed in excess of forty hours per week.

31. By wrongfully classifying Plaintiff Wingrove and other similarly situated individuals as "independent contractors" and failing to pay them overtime pay, Defendant has violated, and continues to violate the FLSA, 29 U.S.C. § 201 et seq.

32. By failing to compensate Plaintiff Wingrove and other similarly situated individuals who were treated as W2 employees proper overtime compensation for overtime hours worked, Defendant has violated, and continues to violate the FLSA, 29 U.S.C. § 201 et seq.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. Plaintiff, on behalf of himself and other similarly situated individuals, seeks damages in the amount of his and the similarly situated individuals' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorney's fees incurred in prosecuting this claim, all other relief available under

the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. That notice of this action be given to all similarly situated individuals as soon as possible;

B. That Plaintiff and the similarly situated individuals be determined and adjudicated to be "employees" under the FLSA;

C. That the practices of Defendant complained of herein be determined and adjudicated to be a violation of the FLSA, 29 U.S.C. § 201 et seq.;

D. That the practices of Defendant complained of herein be determined to be a willful violation of the FLSA, 29 U.S.C. § 201 et seq.;

E. For damages in the amount of Plaintiff's and the similarly situated individuals' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorney's fees incurred in prosecuting this claim, and all other relief available under the FLSA;

F. That Plaintiff be granted leave to amend the Complaint to add state law claims if necessary; and

G. For all such further relief as the Court deems equitable and just.

Dated: October 6, 2010

**AUSTIN & SPARKS, P.C.**

John P. Sparks, GA Bar No. 669575
2974 Lookout Place N.E., Suite 200
Atlanta, GA 30305
Telephone: (404) 869-0100
Fax: (404) 869-0200
jsparks@austinsparks.com

**NICHOLS KASTER, PLLP**
Michele R. Fisher, GA Bar # 076195
Timothy C. Selander, MN Bar #0387016*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
fisher@nka.com
selander@nka.com
*pro hac vice admission forthcoming*

ATTORNEYS FOR PLAINTIFFS